IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

Cobbler Nevada, LLC,  )
  )
  )
  ) Case No.:  3:15-cv-00436
Plaintiff,  )
  )
v.  )
  )
  )
DOES,  )
  )
Defendants.  )

## ORDER ON MOTION FOR LEAVE TO SERVE
## THIRD PARTY SUBPOENAS PRIOR TO A RULE 26(f) CONFERENCE

THIS CAUSE came before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the "Motion"), and the Court being duly advised in the premises does hereby:

### FIND, ORDER AND ADJUDGE:

1. Plaintiff established that "good cause" exists for it to serve third party subpoenas on the Internet Service Providers listed on Complaint Exhibit B (the "ISPs"). See UMG Recording, Inc. v. Doe, 2008 WL 4104214, *4 (N.D. Cal. 2008); and Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. Plaintiff may serve each of the ISPs with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Complaint Exhibit B. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to

one of the Defendants.

4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

the term "cable operator" means any person or group of persons

    (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or

    (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system

shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

by sending a copy of this Order to the Defendant.

5. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of a unique individual, or for the ISP's internal costs to notify its customers. If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. If any particular Doe Defendant has been voluntarily dismissed then any motion filed by said Defendant objecting to the disclosure of his or her identifying information is hereby denied as moot. Notwithstanding the foregoing, the applicable ISP shall withhold the

moving Defendant's identifying information from Plaintiff unless and until Plaintiff obtains a subsequent court order authorizing the disclosure.

7. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**DONE AND ORDERED** this 7TH day of _AUGUST_ , 2015.

By_____

**UNITED STATES DISTRICT JUDGE**
MAGISTRATE